```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )     Chapter 7
PATRICK A. LANG,                 )
                                 )     Bankruptcy No. 07-01387
        Debtor.                  )
```

### ORDER RE: MOTION FOR SANCTIONS

This matter came before the undersigned on October 16, 2008 on Debtor's Motion for Sanctions, Contempt and for Further Orders. Attorney Michael Mollman appeared for Debtor Patrick Lang. Attorneys Robert O'Shea and Anna Rybicki appeared for Ryan J. Rasmussen. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) or (I).

### STATEMENT OF THE CASE

Debtor asserts Ryan Rasmussen violated the discharge injunction by filing an action against him in Iowa District Court after he received his bankruptcy discharge. Mr. Rasmussen asserts his Iowa action is based on Debtor's postpetition conduct and is not subject to the discharge.

### FINDINGS OF FACT

Ryan Rasmussen received a judgment of $250,000 against Lang, Co., Inc., Debtor's solely-owned corporation, on April 13, 2007 in Linn County, Iowa District Court. This consent judgment was based on a work-related injury Mr. Rasmussen suffered while he was employed by Lang, Co., Inc. Lang, Co., Inc. was a corporation engaged in the roofing business.

The following time line describes the parties' filings in Bankruptcy Court and Iowa District Court, as well as Debtor's business activities:

    7/31/07   Patrick A. Lang ("Debtor") filed a Chapter 7
              petition

    7/31/07   Lang, Co., Inc. ceased operations

    8/1/07    Debtor began operating a sole proprietorship, dba
              P. Lang Construction

    11/9/07    Debtor received a Chapter 7 discharge

    4/25/08    Lang, Co., Inc. filed a Chapter 7 bankruptcy petition, No. 08-00845

    8/4/08    Ryan Rasmussen filed an action in Iowa District Court against Debtor and P. Lang Construction

    9/15/08    Debtor filed this Motion for Sanctions

    Mr. Rasmussen acknowledges that the $250,000 judgment he received in February 2007 was entered solely against Lang, Co., Inc., the corporation, and did not impose any personal liability on Debtor.  Mr. Rasmussen does not dispute that any prepetition liability of Debtor would have been included in his Chapter 7 discharge.  Although Mr. Rasmussen filed a claim in Debtor's Chapter 7 case, the claim states he filed it for the purpose of preserving any interest he had in corporate assets the Trustee may collect.  Mr. Rasmussen also filed a claim in the Lang, Co., Inc. Chapter 7 case.

    Mr. Rasmussen's August 2008 action against Debtor and P. Lang Construction asserts that Debtor, through his sole proprietorship, operates a roofing business which is a "mere continuation" of Lang, Co., Inc. and are, therefore, liable for his $250,000 judgment against the corporation, as a successor entity.  He asserts Debtor's activities after he filed his Chapter 7 petition give rise to a claim of successor liability under Iowa law.

    Debtor states that Lang, Co., Inc. ceased operations on the day he filed his Chapter 7 petition.  On the next day, August 1, 2007, Debtor began operating his sole proprietorship, P. Lang Construction.  Mr. Rasmussen's petition in Iowa District Court alleges that P. Lang Construction uses the same building, machinery, equipment, employees, phone number and website as Lang, Co., Inc. and both are managed and operated by Debtor.  Mr. Rasmussen argues that these postpetition actions by Debtor and his business, P. Lang Construction, make them liable for the debts of Lang, Co., Inc. as successors of the corporation.

    Debtor argues that any liability for Mr. Rasmussen's judgment was discharged in his individual Chapter 7 bankruptcy case.  He requests an order reaffirming that his discharge includes this debt and requests sanctions against Mr. Rasmussen for filing the action in Iowa District Court.

**CONCLUSIONS OF LAW**

Section 524(a)(2) prohibits any attempt to hold the debtor liable on discharged debt. In re Craig, 325 B.R. 804, 806 (Bankr. N.D. Iowa 2005). This section states that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "The purpose of the discharge injunction is to 'ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it.'" In re Everly, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006) (quoting legislative history).

A willful violation of the § 524(a)(2) discharge injunction will warrant a finding of civil contempt and imposition of sanctions. In re Waswick, 212 B.R. 350, 352 (Bankr. D.N.D. 1997); In re Goodfellow, 298 B.R. 358, 361 (Bankr. N.D. Iowa 2003). The movant has the burden to show by clear and convincing evidence that the creditor had knowledge of the discharge and willfully violated it by pursuing collection activities. Goodfellow, 298 B.R. at 362. The moving party must also demonstrate that the creditor's conduct relates to a debt that is encompassed by the discharge order. In re Gakinya, 364 B.R. 366, 370 (Bankr. W.D. Mo. 2007). "[A]s long as a creditor has a good faith basis for believing that its debt was excepted from discharge or . . . had no knowledge of any such discharge, the creditor is not subject to sanctions for violating the discharge injunction when it proceeds in state court." Everly, 345 B.R. at 797-98.

A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability and, by virtue of § 524(a)(2), bars enforcement of the debt against the debtor. Craig, 325 B.R. at 806. The debt still exists, however, and can be collected from any other entity that might be liable. Id., citing In re Lembke, 93 B.R. 701, 702 (Bankr. D.N.D. 1988). Actions which, regardless of their superficial rationalization, are intended and actually work to extort payment of a discharged debt, may violate the discharge under § 524(a). In re Jacobs, 149 B.R. 983, 991 (Bankr. N.D. Okla. 1993), citing In re Lanford, 10 B.R. 132 (Bankr. D. Minn. 1981) (withholding college transcript); In re Goodman, 34 B.R. 23 (Bankr. D. Or. 1983) (criminal prosecution); In re Olson, 38 B.R. 515 (Bankr. N.D. Iowa 1984) (refusing medical services); In re Guinn, 102 B.R. 838 (Bankr. N.D. Ala. 1989) (refusal to deal and termination of credit union membership).

Corporations are not granted a Chapter 7 discharge under the Bankruptcy Code. In re Rath Packing Co., 55 B.R. 528, 537 (Bankr. N.D. Iowa 1985). Section 727(a)(1) provides that the court shall grant the debtor a discharge unless "the debtor is not an individual." The limited purpose of a corporate Chapter 7 case is the fair and orderly liquidation of corporate assets. In re Int'l Zinc Coatings & Chem. Corp., 355 B.R. 76, 85 (Bankr. N.D. Ill. 2006).

## SUCCESSOR LIABILITY

Mr. Rasmussen's Iowa District Court petition asserts a claim of successor liability against Debtor and P. Lang Construction for the debt owed by Debtor's former corporation, Lang, Co., Inc. Debtor filed a motion to dismiss for failure to state a claim. On October 21, 2008, the Iowa District Court denied Debtor's Motion. Iowa District Court, Judge William Thomas, found the petition gives Debtor fair notice of Mr. Rasmussen's successor liability and punitive damages claim.

Iowa law recognizes four exceptions to the general rule that a corporation that purchases the assets of another corporation assumes no liability for the transferring corporation's debts and liabilities. Pancratz v. Monsanto Co., 547 N.W.2d 198, 200 (Iowa 1996) (Neuman, J.) (affirming Judge L. Vern Robinson's order granting a directed verdict). These exceptions arise when: "1) the buyer agrees to be held liable; (2) the two corporations consolidate or merge; (3) the buyer is a 'mere continuation' of the seller; or (4) the transaction amounts to fraud." Id. Mr. Rasmussen's present lawsuit in Iowa District Court is premised on his argument that Debtor's present business is a mere continuation of Lang, Co., Inc.

The "mere continuation" exception focuses on continuation of the corporate entity and requires proof of continuity of management and ownership between the predecessor and successor corporations. Id. In Pancratz, an injured worker sued the corporate successor of his employer, a general contractor. Id. at 199. With no evidence of continuity of ownership or identity in management, the court found the successor had no liability for the worker's injuries. Id. at 202.

The issue of successor liability for corporate debts has infrequently intersected with bankruptcy law. In In re Goodman, 873 F.2d 598, 601 (2d Cir. 1989), overruled on other grounds, Germain v. Connecticut Nat'l Bank, 926 F.2d 191 (2d Cir. 1991), a debtor requested sanctions against the NLRB and a Union after they asserted a complaint charging the debtor and his new

4

corporation as alter egos liable for unfair labor practices of the debtor's former corporations. The debtor, individually, and his corporations had all filed separate Chapter 7 petitions. Id. at 600. The court held that the debtor's Chapter 7 discharge does not shield him if his post-petition conduct makes him an alter ego of his former corporations. Id. at 602. It stated the debtor "may not make an end-run around the Bankruptcy Code and the National Labor Relations Act (NLRA) by using his personal discharge as permanent insulation against liability for his post-petition conduct, nor may he enlist such conduct to effectively discharge the corporate obligations" of his former businesses. Id.

In National Labor Relations Bd. v. Better Bldg. Supply Corp., 837 F.2d 377, 378 (9th Cir. 1988), the issue was whether a corporation's liability for NLRB damages survives Chapter 7 bankruptcy proceedings and attaches to its alter ego formed after bankruptcy. The Court noted that partnerships and corporations may not discharge debts in a Chapter 7 case. Id. It held that the NLRB damage judgment survived the bankruptcy proceedings as a corporate debt for which a successor corporation was liable as an alter ego. Id. at 379.

In In re Mullen, 200 B.R. 352, 355 (C.D. Cal. 1996), a debtor requested that claims, including successor liability, should be dismissed from an adversary proceeding because they were discharged. The court refused to dismiss the claims because the creditor had alleged the transfer which gave rise to successor liability occurred postpetition. Id. at 356. In R.C.M. Executive Gallery Corp. v. Rols Capital Co., 901 F. Supp. 630, 637 (S.D.N.Y. 1995), the court held that there is no federal preemption of state law successor liability merely because the sale of assets occurred in a bankruptcy proceeding.

Finally, in In re Conseco, Inc., 330 B.R. 673, 678 (Bankr. N.D. Ill. 2005), the court considered whether a Chapter 11 discharge or a Plan injunction barred state court alter ego claims against the new corporate entity created pursuant to the Chapter 11 Plan. The court found that the discharge and Plan injunctions did not enjoin the claims because the corporate activities complained of occurred postpetition. Id. at 687-88.

**ANALYSIS**

Mr. Rasumssen's attempt to collect the prepetition judgment from a Chapter 7 Debtor is generally inconsistent with principles of bankruptcy and corporation law. Debtor was not liable for the

$250,000 judgment prepetition because it was entered solely against his corporation, Lang, Co., Inc.

The corporation, Lang, Co., Inc., was liable for the judgment prepetition. It cannot receive a discharge in Chapter 7. Thus, the judgment debt continues to exist despite the filing of Lang, Co., Inc.'s Chapter 7 case and despite the fact that the corporation ceased operations more than a year ago. In his Iowa District Court action, Mr. Rasmussen is attempting to collect this corporate debt from entities he describes as successors of the corporation through the "mere continuation" theory of liability. These successor entities are Debtor and his sole proprietorship, P. Lang Construction. Mr. Rasmussen asserts that, through their postpetition business activities, they are a "mere continuation" of Lang, Co., Inc., making them liable for the corporate debt to him.

Even though there is tension between the protections provided in a Chapter 7 discharge and the creation of liability under the doctrine of "mere continuation," it nevertheless is true that some authority exists for the position taken by Mr. Rasmussen. While, in this Court's opinion, this doctrine has not been well developed, it is a legally recognized concept which Mr. Rasmussen is entitled to explore and attempt to prove. If Mr. Rasmussen's claim is found to be valid, it must be established in state court. It is for that court to resolve the ultimate viability of Mr. Rasmussen's claim since it is alleged that all critical elements occurred post-bankruptcy petition.

The matter before this Court is the issue of whether that claim violates the discharge injunction granted to Debtor in his Chapter 7 case. Those protections are provided to him in 11 U.S.C. § 524(a)(2). The availability of those remedies cannot be determined, however, until the state court determines if a viable claim exists under the "mere continuation" doctrine.

**WHEREFORE**, Debtor's Motion for Sanctions, Contempt and for Further Relief is DENIED WITHOUT PREJUDICE.

**FURTHER,** Ryan Rasmussen is allowed to proceed in Iowa District Court to explore and attempt to establish his claim under the theory argued by him as set out in this opinion.

**FURTHER**, no ultimate ruling is or can be made by this Court whether there is a violation of the discharge injunction under § 524(a)(2) until the claim is resolved in state court.

**FURTHER**, if the Iowa District Court's conclusions establish a potential violation of the discharge injunction, Debtor is reserved the right to refile his § 524(a)(2) motion in this Court.

DATED AND ENTERED:

December 10, 2008

*[signature]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE